QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Amar L. Thakur (Bar No. 194025)
  amarthakur@quinnemanuel.com
  Bruce R. Zisser (Bar No. 180607)
  brucezisser@quinnemanuel.com
  David Grable (Bar. No. 237765)
  davegrable@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Joshua L. Sohn (Bar No. 250105)
  joshuasohn@quinnemanuel.com
777 6th Street NW, 11th Floor
Washington, D.C. 20001
Telephone:  (202) 538-8000

Attorneys for Defendants
NOVATEL WIRELESS, INC., VERIZON COMMUNICATIONS, INC., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARUCEL INVESTMENTS, L.P., a Delaware limited partnership,<br>  Plaintiff,<br><br>  v.<br><br>NOVATEL WIRELESS, INC., a Delaware corporation, VERIZON COMMUNICATIONS, INC., a Delaware corporation, CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, a Delaware general partnership,<br><br>  Defendants. | CASE NO. 3:16-cv-00118-H-KSC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN** *LIMINE* **#1**<br><br>Date: April 3, 2017<br>Time: 9:00 a.m.<br>Courtroom: 15A<br>Judge: Hon. Marilyn L. Huff |

## I. DEFENDANTS SHOULD NOT BE BARRED FROM USING NEUTRAL AND FACTUAL DESCRIPTIONS OF PLAINTIFF

Plaintiff seeks an order precluding "derogatory and/or misleading references to Carucel's business," such as "patent troll," "patent assertion entity," "a company that just sues people for money" or similar prejudicial characterizations. Defendants agree not to use derogatory terms ("patent troll" and "a company that just sues people for money"), but also respectfully request an order that recognizes and protects Defendants' right to describe Plaintiff's business in terms other courts have repeatedly found are neutral and factual, including "patent assertion entity."

The *same* cases Plaintiff now cites in support of its motion have recognized that Defendants "may, however, describe the nature of [Plaintiff's] business with neutral, strictly factual terms, such as ***'patent assertion entity***,' a 'company that does not make anything, a company that does not sell anything,' or 'licensing entity'." *Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 4090550, at *12 (N.D. Cal. Aug. 19, 2014) (emphasis added) citing *HTC Corp. v. Tech. Props. Ltd.*, 2013 WL 4782598, at *4 (N.D. Cal. Sept. 6, 2013) (allowing terms such as "non-practicing entity," "***patent assertion entity***," and related terms) (emphasis added). This is so because Plaintiff's "status as a non-practicing entity is relevant to damages and the *Georgia–Pacific* factors." *Id. Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 2015 WL 627430, at *1 (E.D. Tex. Jan. 31, 2015) (Defendants not precluded from arguing "Plaintiff is a ***patent assertion entity*** that does not manufacture or sell products in this field" or "characterizing Plaintiff as an entity that licenses and litigates, so long as those terms are used in conjunction with one another.") (emphasis added); *Droplets, Inc. v. Overstock.com, Inc.*, 2014 WL 11515642, at *1 (E.D. Tex. Dec. 10, 2014) ("This *limine* shall **not** prevent Defendants from referring to Plaintiff as a '***patent assertion entity***' or 'non-practicing entity'.").

As is apparent from the decisions cited above, the majority of courts routinely allow Defendants to use the term "patent assertion entity" in circumstances such as

here, where there is no factual dispute over the fact that plaintiff is solely a patent assertion entity. The two cases Plaintiff cites where courts have excluded the term "patent assertion entity" are easily distinguished. In *Finjan, Inc. v. Blue Coat Sys., Inc.*, 2015 WL 4129193, (N.D. Cal. July 8, 2015), the court barred the term "patent assertion entity" because, unlike here, it was disputed whether Finjan – a well-established company with a track record of actually making and selling products[1] – was "solely" a patent assertion entity. Likewise, the plaintiff in *Energy Heating, LLC v. Heat On-The-Fly, LLC*, 2015 WL 11143139 n.1 (D.N.D. Aug. 13, 2015), the only other case that Carucel cites for the proposition that the term "patent assertion entity" should be excluded, is (unlike Carucel) a company that does much more than assert its patents.[2] Carucel, on the other hand, has *no* history of making or bringing a product to market. Therefore, the term "patent assertion entity" here is an accurate description of Plaintiff's business and should be allowed.

## II.     CONCLUSION

For these reasons, Defendants respectfully request that Plaintiff's Motion *in Limine* #1 be granted only in as far as it does not prejudice Defendants' ability to describe the plaintiff in neutral, strictly factual terms, such as "non-practicing entity," "patent assertion entity," a "company that does not make anything," a "company that does not sell anything," or "licensing entity."

---

[1] The plaintiff in *Finjan* previously "provided secure web solutions, including security software and hardware, to the enterprise and endpoint markets" and then migrated "from a pure software company into a diversified hardware and software platform technology provider" that "focused its efforts on further research & development and began sales and marketing activities." *See* https://www.finjan.com/about/history.

[2] Heat On-the-Fly's proprietary methods for heating water "is the culmination of nearly 20 years of field experience in water heating" and the company prides itself in "scientific inquiry and practical application." http://www.heatonthefly.com/Background.html.

| | | |
|---|---|---|
| 1 | Dated: March 20, 2017 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | |
| 4 | | By: /s/ *Amar L. Thakur* <br> Amar L. Thakur (Bar No. 194025) <br> Email: amarthakur@quinnemanuel.com |
| 5 | | *Attorneys for Defendants Novatel Wireless, Inc., Verizon Communications, Inc. and Cellco Partnership d/b/a Verizon Wireless* |
| 6 | | |
| 7 | | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 20, 2017 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

DATED: March 20, 2017         By: */s/ Amar L. Thakur*
                                  Amar L. Thakur
                                  amarthakur@quinnemanuel.com
                                  *Attorneys for Defendants Novatel Wireless, Inc., Verizon Communications, Inc. and Cellco Partnership d/b/a Verizon Wireless*