MICHAEL K. LINDSEY (Admitted *Pro Hac Vice*)
lindsey@gdllawfirm.com
JAMES M. SARNECKY (SBN 202465)
sarnecky@gdllawfirm.com
GAVRILOVICH, DODD & LINDSEY, LLP
4660 La Jolla Village Dr., Ste. 750
San Diego, CA 92122
Telephone: (858) 458-3607
Facsimile: (858) 458-9986

ROBERT F. RUYAK (Admitted *Pro Hac Vice*)
robertr@ruyakcherian.com
RONALD R WIELKOPOLSKI (Admitted *Pro Hac Vice*)
ronw@ruyakcherian.com
BRITTANY V. RUYAK (Admitted *Pro Hac Vice*)
brittanyr@ruyakcherian
RUYAKCHERIAN, LLP
1776 Eye St. NW, Suite 750
Washington, DC 20006
Telephone: (202) 838-1560

KORULA T. CHERIAN (SBN 133697)
sunnyc@ruyakcherian.com
ROBERT M. HARKINS, JR. (SBN 179525)
bobh@ruyakcherian.com
RUYAKCHERIAN, LLP
1936 University Ave, Suite 350
Berkeley, CA 94704
Telephone: (510) 944-0190

Attorneys for Plaintiff
CARUCEL INVESTMENTS, L.P.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARUCEL INVESTMENTS, L.P., a Delaware limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>NOVATEL WIRELESS, INC., a Delaware corporation; VERIZON COMMUNICATIONS INC., a Delaware corporation; and CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>Defendants. | Case No. 16-cv-0118-H-KSC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 1 TO PRECLUDE AN ALLEGEDLY NEW INFRINGEMENT THEORY DISCLOSED IN THE FEBRUARY 2017 KIASALEH DECLARATION**<br><br>Hearing Date: April 3, 2017<br>Time: 9 A.M.<br>Courtroom: 15A<br>Judge: Hon. Marilyn L. Huff |

RuyakCherian LLP
1936 University Avenue, Suite 350
Berkeley, CA 94704

1    The entire premise of Defendants' Motion *in Limine* No. 1 is incorrect. Carucel's technical expert, Dr. Kiasaleh, did not present substantively new testimony, opinions or theories on infringement in his February 2017 Kiasaleh Declaration (Dkt. 197 filed under seal). Everything in Dr. Kiasaleh's February 2017 Declaration was timely identified in his December 2, 2016 Expert Report on Infringement ("Kiasaleh Report") (Dkt. 153-2, Ex. A filed under seal).

The thrust of Defendants' argument is that previously Dr. Kiasaleh only stated that the MiFi devices work in traffic, but now says they are "designed and built to operate correctly while moving in a car at speeds of the traffic" under the LTE or CDMA standards. Kiasaleh Dec., ¶¶ 20-22. But Defendants' motion misleadingly quotes only part of the relevant text from his report. Dr. Kiasaleh *always* opined that the accused devices were designed to work in traffic and comply with LTE or CDMA standards, and he expressly set forth this opinion in his report repeatedly. An expert's later declaration should not be excluded as presenting new theories or opinions if its substance is the same as the expert's original, timely disclosed report. *See Vaxiion Therapeutics, Inc. v. Foley & Lardner LLC*, 2008 WL 5147201 *11 (S.D. Cal. 2008) (denying motion to strike expert declaration).

Paragraphs 20-22 of Dr. Kiasaleh's February 2017 Declaration and the original Kiasaleh Report express the same infringement theories, facts and conclusions regarding the "adapted to/configured to" limitations, and thus, there is no basis for excluding any allegedly "new" theory of infringement contained in Kiasaleh Declaration. Specifically, the full quote from the December 2016 Kiasaleh Report concerning infringement of these limitations is:[1]

---

[1] The quoted portion of the Kiasaleh Report refers to only one accused product, the MiFi4510, and one asserted claim, but same substantive analysis of the "adapted to/configured to" limitation appears throughout the Kiasaleh Report for each accused MiFi product and relevant claim (*e.g.*, Dkt. 153-2, Ex. A at 16-17, 34-35, 40-41, 47-48, 61-62, 69, 77, 97, 102, 114, 120, 154, 176).

| Claim 11 [of the '023 Patent] | Analysis of MiFi 4510L and MiFi 4510PP (collectively "MiFi 4510L") |
|---|---|
| An apparatus configured to move relative to Earth, the apparatus comprising: | The MiFi 4510L is a portable wireless device that enables a user having a WiFi capable device (known hereafter as personal device (PD)) to *connect to internet via a combination of WiFi and cellular wireless technologies*. *The MiFi 4510 is designed to be portable and to move alongside the PD in a vehicle or other means of transportation. For these reasons, it is constructed to move with traffic at a rate of speed comparable to the traffic*. It can also be used in a stationary environment. The wireless connection with the PD is provided via a WiFi channel while *the link connecting the MiFi4510 to a cellular network of fixed base stations is compliant with either CDMA or LTE wireless standards*.  Further details can be found in Carucel 9726, Carucel 9720-9807 (user guide), 9731, Carucel 9728, and Carucel 9730, 9734. |

Kiasaleh Report (Dkt. 153-2, Ex. A at 130) (emphasis added).

Thus, the December 2016 Kiasaleh Report timely disclosed Dr. Kiasaleh's opinion that the accused MiFi products met the "adapted to/configured to" limitation because, at a minimum, each MiFi is a portable wireless device designed to move in vehicles that allows users to connect to the Internet using WiFi and cellular wireless technologies, where the link connecting the MiFi to a cellular network of fixed base stations is compliant with either CDMA or LTE

wireless standards.  This is the *same* substantive theory of infringement and facts that Dr. Kiasaleh expressed in paragraphs 20-22 his February 2017 Declaration.

Moreover, the point is far from controversial.  Novatel's former Chief Technology Officer testified extensively that the devices were designed to work in traffic, as the Court noted in denying Defendants' summary judgment motion:

> In his testimony, Dr. Souissi describes the designing and testing that was undertaken to ensure that the accused products could operate while traveling in moving vehicles. (See Doc. No. 202-1, Sarnecky Decl. Ex. 3.) For example, in response to the question, "[The accused products] were designed to move in vehicles; is that correct?," Dr. Souissi responded: "Are you serious? Of course." (Id. at 126:1-4.) Shortly thereafter, Dr. Souissi testified regarding the testing of the accused products: "We spent three months doing [tests]. . . . We're moving in every possible traffic, every possible neighborhood; busy, downtown, suburban, rural. I bet you maybe we've done millions of miles testing MiFis. . . . At different speeds." (Id. at 126:10-18.) Plaintiff has also presented the Court with documents corroborating Dr. Souissi's testimony regarding the roadway testing of the accused products. (Doc. No. 202-1, Sarnecky Decl. Exs. 5, 6.)

Dkt. 226, at 7-8.

Defendant's motion *in limine* really represents one more attempt of to revisit the motion they lost.  Dr. Kiasaleh did not present any new theories, and under the proper claim construction, this limitation should not even be in dispute. Moreover, in substantive sense, this motion is immaterial, because the Court has already ruled based on Dr. Kiasaleh's report that the evidence was sufficient to present to the jury. (Dkt. 226.)

In view of the foregoing, Carucel respectfully requests that the Court deny Defendants' Motion *in Limine* No. 1.

Dated: March 20, 2017

*/s/ Robert Harkins*
Robert Harkins, Cal. Bar No. 179525
RuyakCherian LLP
1936 University Ave, Ste 350
Berkeley, CA  94704
Telephone: (510) 944-0190
bobh@ruyakcherian.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 20th day of March, 2017, with a copy of this document via the Court's EM/ECF system.  Any other counsel of record will be served by electronic mail, facsimile and/or first class mail on the same date.

*/s/ Robert Harkins*
Robert Harkins

RuyakCherian LLP
1936 University Ave, Ste 350
Berkeley, CA  94704
Telephone: (510) 944-0190
bobh@ruyakcherian.com