QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Amar L. Thakur (Bar No. 194025)
  amarthakur@quinnemanuel.com
  Bruce R. Zisser (Bar No. 180607)
  brucezisser@quinnemanuel.com
  David Grable (Bar. No. 237765)
  davegrable@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

  Joshua L. Sohn (Bar No. 250105)
  joshuasohn@quinnemanuel.com
777 6th Street NW, 11th Floor
Washington, D.C. 20001
Telephone: (202) 538-8000
Facsimile: (202) 538-8100

Attorneys for Defendants
NOVATEL WIRELESS, INC., VERIZON
COMMUNICATIONS, INC., AND
CELLCO PARTNERSHIP D/B/A
VERIZON WIRELESS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARUCEL INVESTMENTS, L.P., a Delaware limited partnership,<br>    Plaintiff,<br><br>    v.<br><br>NOVATEL WIRELESS, INC., a Delaware corporation, VERIZON COMMUNICATIONS, INC., a Delaware corporation, CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, a Delaware general partnership,<br><br>    Defendants. | CASE NO. 3:16-cv-00118-H-KSC<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO RE-TAX COSTS**<br><br>Hon. Marilyn L. Huff<br><br>Date: October 10, 2017<br>Time: 10:30 a.m.<br>Courtroom: 15A<br>Judge: Hon. Marilyn L. Huff |

## I.    INTRODUCTION

On September 1, 2017, the Clerk entered an Order Taxing Costs ("Order") in favor of Defendants in this matter. (Dkt. No. 363). By this motion to Re-Tax Costs Defendants seek the Court's review of only two items addressed in the Order. One challenges the Clerk's denial of Defendants' costs associated with electronic document production in this case; and the other seeks to correct an inadvertent omission in Defendants' submission of evidence which resulted in the Clerk denying costs associated with the preparation of graphics for trial.

## II.   PROCEDURAL BACKGROUND

On April 10, 2017, the Court entered judgment in favor of defendants Novatel Wireless, Inc., Verizon Communications, Inc. and Cellco Partnership d/b/a Verizon Wireless (collectively "Defendants") and against plaintiff Carucel Investments, LP ("Carucel") upholding a jury verdict of non-infringement of U.S. Patent Nos. 7,221,904; 7,848,701; 7,979,023; 8,718,543. (Dkt. No. 336). Pursuant to Fed. R. Civ. P. 54(d)(1) and Local Rule 54.1, Defendants timely submitted a Bill of Costs together with a Motion to Tax Costs seeking recovery for those costs properly taxable. (Dkt. No. 345). Plaintiff filed a response to that motion (Dkt. No. 349) and Defendants filed a reply. (Dkt. No. 350).

On July 12, 2017 the parties participated in a telephonic hearing with Theodore E. Lewis, Chief Deputy of Operations, United States District Court Southern District of California regarding Defendants' Bill of costs. At the hearing Mr. Lewis tentatively denied Novatel's request for $11,934, as fees for exemplification and the cost of making copies related to the production of documents in this case[1] pending submission of supporting invoices. Mr. Lewis also

---

[1] As described in Paragraph 8(a) of the April 24, 2017 Declaration of Bruce R. Zisser in Support of Defendants' Bill of Costs (Dkt. No. 345-3).

tentatively allowed Novatel's Request for $21,425, for preparation of charts, diagrams and other visual aids used as exhibits and demonstratives as described in Paragraph 9 of the original Zisser Declaration, but requested supporting invoices.

On July 14, 2017, Defendants submitted the requested supplemental evidence (Dkt. No. 359), which included detailed internal time entry records related to both the production of documents and the preparation of graphics material for trial, (Supplemental Zisser Declaration (Dkt. No. 359-1), Exhibit G), and Quinn Emanuel's invoices to Novatel reflecting these charges. (*Id.* at Exhibit H). Exhibit H included relevant invoices through April 2017, but should have also included the May 2017 invoice.

In the Order taxing costs the Clerk denied the request for $11,934.00 for costs related to making copies for document production stating that the cost evidence submitted "still do not meet the requirements of LR 54.1.6.c and the itemization provided is not specific enough to meet the standard for awarding these costs (PageID.13360)." (Order at 3). With respect to Defendants' request for $21,425 in costs related to the preparation of graphics for trial, the Clerk agreed that the costs of preparing such graphics as reflected by the time billed by Quinn Emanuel's in-house graphic artist were taxable, but allowed only those costs reflected on Quinn Emanuel invoices. (Order at 3-4). The bulk of those costs were incurred just before and during trial in April 2017, so appear on Quinn Emanuel's May 2017 invoice to Novatel, which was inadvertently omitted from Defendants' submission.

**III.   ARGUMENT**

    **A.   Defendants' Evidence Supports an Award of Costs for Electronic Copies Made for Document Production**

The costs associated with the electronic production of documents that were requested under Fed. R. Civ. P. 33 and 34 are taxable under Local Rule 54.1(b)(6)(a). As described at Paragraph 8(a) of the Zisser Declaration filed in support of Defendants' Bill of Costs (Dkt. No. 345-3 at 3), Defendants claim of

$11,934.00 is the amount billed to Novatel for the costs incurred by counsel's in-house litigation support department to prepare requested documents for electronic production in the format agreed to by the parties.  These costs are taxable.  *See In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1365 (Fed. Cir. 2011) ("[T]he costs of producing a document electronically can be recoverable under section 1920(4)."); *In re Online DVD-Rental Antitrust Litigation*, 779 F.3d 914, 932 (9th Cir. 2015) ("costs attributable to optical character recognition, converting documents to TIFF, and 'endorsing' activities . . . are recoverable on the record before us."); *Farstone Tech.,Inc. v. Apple Inc.*, No. 813-CV-1537-ODWJEMX, 2016 WL 5799290, at *5 (C.D. Cal. Sept. 30, 2016) (granting defendant's motion for costs, including electronic document production costs); *Jardin v. DATAllegro, Inc.*, No. 08-CV-1462-IEG WVG, 2011 WL 4835742, at *9 (S.D. Cal. Oct. 12, 2011) (denying plaintiff's motion to re-tax costs awarded to defendant for e-discovery, e-discovery management, and file conversion).

Because the documents were, at all times, electronic, the costs associated with preparing them for production are not calculated on a "per page" basis as contemplated by LR 54.1(b)(6)(c) but rather on a per hour basis based on the time spent by litigation support personnel.  Defendants' provided the detailed time entries for the litigation support personnel who performed the taxable activities. *See* Zisser Supplemental Declaration (Dkt. No. 359-1), Exhibit G (PageID 13360-61). Defendants then provided the actual invoices from Quinn Emanuel to Novatel where these time entries appear. *Id*. at Exhibit H (PageID 13364-13391).  No additional information is necessary or available to evidence these taxable costs incurred by defendants.

### B. Defendants Inadvertently Omitted an Invoice Reflecting the Costs for Preparing Graphics for Trial

Defendants requested $21,425 for the cost of services of its in-house graphic designer to prepare the graphics and other visual aids used at trial.  The clerk

properly found these costs to be taxable.  *See Lucent v. Microsoft*, Case No. 02CV2060-B(CAB), Doc. No. 1935 (Awarding Lucent over $290,000 for the preparation of visual aids submitted to the Court); *Kibbee v. City of Portland*, No. CV-98-675-ST, 2000 WL 1643535, at *5-6 (D. Or. Oct. 12, 2000) ("labor charges for illustrations, design, consultation, and for production of the technical illustrations submitted to the court" are properly taxable); *In re Melridge Securities Litigation*, 154 F.R.D. 260,261 (D. Or. 1994) (taxing costs in the amount of $302,058.03, including the costs of demonstrative exhibits).

Per the Clerk's request at the hearing, Defendants submitted evidence to support its claim, starting with detailed internal time entries for Quinn Emanuel's in-house graphic artist, Dave Scholz.  These time entries are reflected in the Zisser Supplemental Declaration (Dkt. No. 359-1), Exhibit G (PageID 13362), reproduced below:

| Sort Name | Work Date | Work Hrs | Matter Name | Client Name | Narrative | Rate | Billed | |
|---|---|---|---|---|---|---|---|---|
| **Graphics Time Entries** | | | | | | | | |
| Scholz, Dave | 3/21/2017 | 0.80 | Carucel Investments, L.P. v. Novatel Wireless, Inc., et al. | Novatel Wireless, Inc. | edit initial template for creating slides for use in trial | $250 | $200.00 | April 2017 Invoice |
| Scholz, Dave | 3/27/2017 | 2.00 | Carucel Investments, L.P. v. Novatel Wireless, Inc., et al. | Novatel Wireless, Inc. | Create demonstratives for use in trial | $250 | $500.00 | |
| Scholz, Dave | 3/28/2017 | 1.40 | Carucel Investments, L.P. v. Novatel Wireless, Inc., et al. | Novatel Wireless, Inc. | edit and revise kenney direct slides for trial | $250 | $350.00 | |
| Scholz, Dave | 3/30/2017 | 4.30 | Carucel Investments, L.P. v. Novatel Wireless, Inc., et al. | Novatel Wireless, Inc. | Create slides for use at trial, direct exam of Kenney, animations of "hand offs" | $250 | $1,075.00 | |
| Scholz, Dave | 3/31/2017 | 5.00 | Carucel Investments, L.P. v. Novatel Wireless, Inc., et al. | Novatel Wireless, Inc. | Edit opening demonstrative slides; edit direct exam slides for Kenney | $250 | $1,250.00 | |
| Scholz, Dave | 4/1/2017 | 4.50 | Carucel Investments, L.P. v. Novatel Wireless, Inc., et al. | Novatel Wireless, Inc. | Edit and revise demonstratives for use in trial | $250 | $1,125.00 | |
| Scholz, Dave | 4/2/2017 | 12.80 | Carucel Investments, L.P. v. Novatel Wireless, Inc., et al. | Novatel Wireless, Inc. | Create and edit demonstratives for use in exam and trial | $250 | $3,200.00 | |
| Scholz, Dave | 4/3/2017 | 14.00 | Carucel Investments, L.P. v. Novatel Wireless, Inc., et al. | Novatel Wireless, Inc. | Create and edit demonstratives for use in exam and trial | $250 | $3,500.00 | May 2017 Invoice |
| Scholz, Dave | 4/4/2017 | 13.00 | Carucel Investments, L.P. v. Novatel Wireless, Inc., et al. | Novatel Wireless, Inc. | create and edit slides for use in witness exam and closing | $250 | $3,250.00 | |
| Scholz, Dave | 4/5/2017 | 14.90 | Carucel Investments, L.P. v. Novatel Wireless, Inc., et al. | Novatel Wireless, Inc. | Create and edit slides for use in direct exam of Kenney and for closing | $250 | $3,725.00 | |
| Scholz, Dave | 4/6/2017 | 13.00 | Carucel Investments, L.P. v. Novatel Wireless, Inc., et al. | Novatel Wireless, Inc. | create and edit slides and demonstratives for closing arguments | $250 | $3,250.00 | |
| **Total for Graphics** | | | | | | | $21,425.00 | |

The Clerk allowed the $3,375 billed in March 2017 and included on the April 2017 invoice, but denied the $18,050 billed in April 2017, because those charges did not appear on an invoice.  Those charges do, however, appear on Quinn Emanuel's May 2017 invoice to Novatel, which was prepared for submission with Defendants' supplemental filing on July 14, 2017, but was inadvertently omitted from the final document.  That invoice is being submitted with this motion.  *See* Declaration Bruce R. Zisser ISO Motion to Re-Tax Costs, ¶¶ 5-6 and Exhibit I.

Had the May 2017 been included in the submitted evidence as intended, the Clerk would have allowed these costs as they are taxable and the evidence would have been sufficient.

## IV. CONCLUSION

Defendants respectfully request that, in addition to the costs allowed by the Clerk in the Order to Tax Costs, the Court allow $11,934 for costs associated with electronic document production and $18,050 for costs associated with preparing graphics for trial, for a total award of $72,136.20.

Dated:  September 8, 2017

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  /s/ *Bruce R. Zisser*
Bruce R. Zisser (Bar No. 180607)
Email: brucezisser@quinnemanuel.com

*Attorneys for Defendants Novatel Wireless, Inc., Verizon Communications, Inc. and Cellco Partnership d/b/a Verizon Wireless*

-5-
Case No. 3:16-cv-00118-H-KSC
DEFENDANTS' MEMORANDUM ISO MOTION TO RE-TAX COSTS
06592-00001/9535110.1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 8, 2017 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

DATED: September 8, 2017      By: */s/ Bruce R. Zisser*
Bruce R. Zisser
brucezisser@quinnemanuel.com
*Attorneys for Defendants Novatel Wireless, Inc., Verizon Communications, Inc. and Cellco Partnership d/b/a Verizon Wireless*