**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARUCEL INVESTMENTS, L.P., a Delaware limited partnership,<br><br>                                      Plaintiff,<br><br>v.<br><br>NOVATEL WIRELESS, INC., a Delaware corporation; VERIZON COMMUNICATIONS, INC., a Delaware corporation; and CELLCO PARTNERSHIP d/b/a/VERIZON WIRELESS, a Delaware general partnership,<br><br>                                      Defendants. | Case No.:  16-cv-118-H-KSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO RETAX COSTS**<br><br>[Doc. No. 364.] |

On September 8, 2017, Defendants Novatel Wireless, Inc., Verizon Communications, Inc., and Cellco Partnership doing business as Verizon Wireless filed a motion to retax costs.  (Doc. No. 364.)  On October 3, 2017, the Court took the matter under submission.  (Doc. No. 365.)  On October 6, 2017, Plaintiff Carucel Investments, L.P. filed a response in opposition to Defendants' motion.  (Doc. No. 366.)  On October

12, 2017, Defendants filed their reply.  (Doc. No. 367.)  For the reasons below, the Court grants Defendants' motion to retax costs.

## **Background**

On May 27, 2015, Plaintiff Carucel Investments, L.P. filed a complaint for patent infringement in the United States District Court for the Southern District of Florida against Defendants Novatel Wireless, Inc. and Verizon Communications, Inc., alleging infringement of U.S. Patent No. 7,221,904, U.S. Patent No. 7,848,701, U.S. Patent No. 7,979,023, U.S. Patent No. 8,463,177, U.S. Patent No. 8,718,543, and U.S. Patent No. 8,849,191.[1]  (Doc. No. 1, Compl.)  Specifically, Plaintiff alleged that Defendants' mobile broadband hotspot devices, the MiFi devices, infringe the patents-in-suit.  (Id. ¶¶ 28-29.) On December 16, 2015, Carucel filed a first amended complaint alleging infringement of the same six patents and adding as a new Defendant Cellco Partnership d/b/a Verizon Wireless.  (Doc. No. 58.)  On January 15, 2016, the action was transferred to the Southern District of California.  (Doc. Nos. 69-70.)

The Court held a jury trial beginning on April 4, 2017.  (Doc. No. 316.)  On April 10, 2017, the jury returned a verdict finding that Plaintiff had failed to prove that any of the accused products infringed any of the asserted patent claims.[2]  (Doc. No. 335 at 2.)  On April 10, 2017, the Court entered judgment in favor of Defendants and against Plaintiff. (Doc. No. 336.)  On June 13, 2017, the Court denied Plaintiff's motion for judgment as a matter of law or, in the alternative, for a new trial.  (Doc. No. 356.)

On April 24, 2017, Defendants filed a bill of costs, requesting $81,455.46 in costs. (Doc. No. 345.)  On September 1, 2017, the Clerk of Court issued an order taxing costs in

---

[1]  AT&T Mobility LLC and TigerDirect, Inc. were also named as Defendants in the original complaint but both were subsequently dismissed from the action with prejudice.  (Doc. Nos. 11, 139.)

[2]  During the reading of the verdict in Court, an issue arose as to the jury's answers to Question No. 3 regarding "Validity – Obvious or Non-Obvious" in the verdict form.  At the hearing, the parties agreed that the jury's answers to Question No. 3 were moot in light of the jury's answers to Question No. 1 regarding "Infringement" in the verdict form.  (Doc. No. 341, Trial Tr. Vol. V at 6-7.)

favor of Defendants in the amount of $42,152.20.  (Doc. No. 363.)  By the present motion, Defendants move to re-tax the Clerk's award of costs.  (Doc. No. 364.)

**Discussion**

## I.    Legal Standards

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1); <u>see also</u> S.D. Cal. Civ. L.R. 54.1(a) ("Unless otherwise ordered by the court, or stipulated by the parties, the prevailing party is entitled to costs.").  28 U.S.C. § 1920 "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."  <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441–42 (1987); <u>see also</u> <u>Grove v. Wells Fargo Fin. Cal., Inc.</u>, 606 F.3d 577, 579 (9th Cir. 2010) ("Ordinarily, section 1920 'defines the full extent of a federal court's power to shift litigation costs absent express statutory authority.'" (quoting <u>W. Virginia Univ. Hosps., Inc. v. Casey</u>, 499 U.S. 83, 86 (1991))).

28 U.S.C. § 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

3

See also S.D. Cal. Civ. L. R. 54.1.b (enumerating items taxable as costs). The Federal Circuit has held that regional circuit law applies to the interpretation of 28 U.S.C. § 1920. In re Ricoh Co. Patent Litig., 661 F.3d 1361, 1364 (Fed. Cir. 2011).

## II. Analysis

In the present motion, Defendants request that the Court review two aspects of the Clerk's order taxing costs. (Doc. No. 264-1 at 1.) First, Defendants challenge the Clerk's denial of costs associated with Defendants' electronic document production in this case. (Id. at 1-3.) Second, Defendants challenge the Clerk's denial of certain costs associated with Defendants' preparation of graphics for trial. (Id. at 1, 3-5.) The Court addresses each of these issues in turn below.

### A. Electronic Document Production

In their bill of costs, Defendants requested $18,776.69 in copying costs, which included $11,934 in costs associated with Defendants' electronic production of documents responsive to Plaintiff's discovery requests under Federal Rules of Civil Procedure 33 and 34. (Doc. No. 345.) Defendants explain that these costs were incurred by defense counsel's in-house litigation support department in preparing the requested documents for electronic production to Plaintiff in the format agreed to by the parties. (Doc. No. 345-3, Zisser Decl. ¶ 8(a); Doc. No. 364-1 at 2-3.) Defendants represent that the amount requested specifically includes fees for converting the electronically stored information into TIFF format files, for Bates numbering the files, and for otherwise preparing the files for production to Plaintiff. (Doc. No. 345-3, Zisser Decl. ¶ 8(a).)

In its order, the Clerk of Court denied Defendants the requested $11,934 for in-house litigation support on the grounds that Defendants' request failed to comply with Civil Local Rule 54.1.b.6.c's itemization requirement. (Doc. No. 363 at 3.) Civil Local Rule 54.1.b.6.c provides:

> The party seeking recovery [for copying costs] must present documentary evidence in the form of affidavits describing the documents copied, to whom they were provided, the number of pages copied, and the cost per page, and the use of or intended purpose for the items copied. If documents were

4

provided only to the party seeking recovery, that party must specify the purpose of acquisition and photocopying of the documents served. In the absence of a specific showing, recovery must be denied.

Defendants argue that the Clerk of Court erred in denying the requested costs under the above local rule. (Doc. No. 264-1 at 3.) Defendants argue that because the documents were, at all times, electronic, the costs associated with preparing them for production are not calculated on a per page basis as contemplated by Local Rule 54.1.b.6.c but rather on a per hour basis. (Id.) The Court agrees.

Defendants' requested costs associated with their electronic production of documents are recoverable under section 1920(4). See Ricoh, 661 F.3d at 1365 ("[T]he costs of producing a document electronically can be recoverable under section 1920(4)."); In re Online DVD-Rental Antitrust Litig., 779 F.3d 914, 932 (9th Cir. 2015) ("[C]osts attributable to optical character recognition, converting documents to TIFF, and 'endorsing' activities—all of which were explicitly required by [the opposing party]—are recoverable."); Jardin v. DATAllegro, Inc., No. 08-CV-1462-IEG WVG, 2011 WL 4835742, at *5 (S.D. Cal. Oct. 12, 2011) ("Costs for Converting Data to the .TIFF Format Are Recoverable"). Further, in light of the fact that the documents at issue were, at all times, electronic, the documentary evidence submitted by Defendants in support of these requested costs is sufficient. (See Doc. No. 345-3, Zisser Decl. ¶ 8(a); Doc. No. 359-1, Zisser Supp. Decl. ¶¶ 4-5, Exs. G, H.) Accordingly, the Court grants Defendants' request for $11,934 in costs associated with their electronic production of documents.[3]

B.    Trial Graphics

In their bill of costs, Defendants requested $21,425 for costs related to the preparation of graphics and other visual aids that were used at trial. (Doc. No. 345-2 at 4.) The Clerk of Court properly determined that these costs are taxable under Civil Local Rule

---

[3]    The Court notes that Plaintiff does not oppose this specific request for costs in its opposition to Defendants' motion to retax costs. (See Doc. No. 366.)

54.1.b.7.a.  (Doc. No. 363 at 4.)  See S.D. Cal. Civ. L.R. 54.1.b.7.a ("The cost of preparing charts, diagrams, videotapes and other visual aids to be used as exhibits is taxable if such exhibits are reasonably necessary to assist the jury or the court in understanding the issues at the trial.); see also Maxwell v. Hapag-Lloyd Aktiengesellschaft, Hamburg, 862 F.2d 767, 770 (9th Cir. 1988) ("In the context of § 1920, 'exemplification and copies of papers' has been interpreted to include all types of demonstrative evidence, including photographs and graphic aids."); Duhn Oil Tool, Inc. v. Cameron Int'l Corp., No. 1:05-CV-01411-MLH, 2012 WL 4210104, at *6 (E.D. Cal. Sept. 19, 2012) ("Costs associated with creating graphics presentations are taxable under § 1920(4) as fees for exemplification and copying of materials necessarily obtained for use in the case.").

Plaintiff argues that fees related to the intellective effort involved in creating the graphics are not recoverable.  (Doc. No. 366 at 1.)  The Court agrees with Plaintiff that fees for graphics are permitted only for the actual preparation of the graphics, not the intellectual effort involved in their production.  See Zuill v. Shanahan, 80 F.3d 1366, 1371 (9th Cir. 1996) ("Fees for exemplification and copying 'are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production.'").  But, here, Defendants are seeking costs only for the actual preparation of the trial graphics, not the intellectual effort involved in making them.  In their evidentiary submissions, Defendants explain that the attorneys first decided on the content of the graphics/visual aids and then worked with their in-house graphic artist to prepare the actual graphics/visual aids, and Defendants are only seeking costs specifically related to the in-house graphic artist's fees.  (Doc. No. 345-3, Zisser Decl. ¶ 9; Doc. No. 359-1, Zisser Supp. Decl. Ex. G.)  Thus, the costs are recoverable under section 1920(4) and Civil Local Rule 54.1.b.7.a.[4]

---

[4]    The Court notes that the present case is distinguishable from the cases cited by Plaintiff in its opposition.  (See Doc. No. 366 at 1.)  For example, in Duhn Oil Tool, Inc. v. Cameron Int'l Corp., this Court rejected the defendant's request for costs associated with "the research and analysis that went into creating the graphics and exhibits."  No. 1:05-CV-01411-MLH, 2012 WL 4210104, at *6 (E.D. Cal.

6

Further, although the Clerk of Court properly determined that Defendants' costs for trial graphics are taxable, the Clerk only awarded Defendant $3,375 out of the requested $21,425 in costs and denied the remaining $18,050 on the grounds that Defendants failed to provide invoices in support of those costs as required by Civil Local Rule 54.1.a. (Doc. No. 363 at 4.) <u>See</u> S.D. Cal. Civ. L.R. 54.1.a ("The bill of costs . . . must be supported by . . . copies of the invoices for requested costs."). In their motion, Defendants explain that they inadvertently omitted the invoice supporting the additional $18,050 in costs from their submissions to the Clerk of Court. (Doc. No. 364-1 at 4; <u>see also</u> Doc. No. 364-2, Zisser Decl. ¶¶ 2-6.) Defendants have attached to the present motion, an invoice dated May 8, 2017, which contains the $18,050 in charges for the creation and editing of demonstratives for use at trial. (Doc. No. 364-2, Zisser Decl. ¶ 7, Ex. I; <u>see also</u> Doc. No. 359-1, Zisser Supp. Decl. ¶ 4, Ex. G.) The Court, exercising its discretion, will consider this invoice submitted by Defendants.[5] <u>Cf.</u> <u>Rodriguez v. Barrita, Inc.</u>, 53 F. Supp. 3d 1268, 1292 (N.D. Cal. 2014) ("[A] court has discretion to consider an untimely motion for costs."); <u>Star Nw. Inc. v. City of Kenmore</u>, 280 F. App'x 654, 658 (9th Cir. 2008) ("Regardless of whether the motion [for attorneys' fees and costs] was untimely, the district court had discretion to reach the merits of the late motion."). The May 8, 2017 invoice is sufficient to satisfy Civil Local Rule 54.1.a's invoice requirement. Accordingly, the Court grants Defendants' request for an additional $18,050 in costs for a total award of $21,425 in costs for the preparation of graphics and other visual aids that were used at trial.

///

///

---

Sept. 19, 2012). In <u>Oracle Am., Inc. v. Google Inc.</u>, the district court rejected the defendant's requests for costs associated with "'intellectual effort' such as organizing, searching, and analyzing the discovery documents." No. C 10-03561 WHA, 2012 WL 3822129, at *3 (N.D. Cal. Sept. 4, 2012). In contrast, here, Defendants only request fees related to the actual preparation of the graphics, not the research and analysis that went into creating them.

[5]     In its opposition, Plaintiff states that it "does not object to the evidentiary submission on the motion to retax costs." (Doc. No. 366 at 1.)

none**Conclusion**

For the reasons above, the Court grants Defendants' motion to retax costs.  In addition to the $42,152.20 in costs taxed by the Clerk of Court in its September 1, 2017 Order Taxing Costs, the Court also taxes $11,924 for costs associated with Defendants' electronic production of documents and an additional $18,050 for costs associated with Defendants' preparation of graphics and visual aids for trial.  In sum, the Court awards a total of $72,136.20 in costs in favor of Defendants.

**IT IS SO ORDERED.**

DATED:  October 17, 2017

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT